UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS HERNANDEZ, et al.,

    Plaintiffs,

v.                                              CASE NO. 8:15-cv-2741-T-23TGW

GENERAL SERVICES OF VA, INC.,

    Defendant.
_____/

## ORDER

A December 14, 2015 order (Doc. 8) allowed the *pro se* plaintiffs to amend the complaint, which was "largely incomprehensible and suffer[ed] from a legion of deficiencies." On December 29, the plaintiffs filed (Doc. 9) an amended complaint, which suffers from the same deficiencies identified in the December 14 order. The defendant moves (Doc. 12) "to quash service and for dismissal with prejudice." The motion (Doc. 12) "to quash service" is construed as a motion to dismiss under Rule 12(b)(5), Federal Rules of Civil Procedure, for insufficient service of process.

The defendant correctly argues that the *pro se* plaintiffs' attempted service of process is insufficient under Rule 4(h)(1), Federal Rules of Civil Procedure, which requires a plaintiff to serve a corporation:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant.

Rule 4(e)(1) requires a plaintiff to serve a person by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  The plaintiffs comply with neither the laws of Florida, where the plaintiffs filed this action, nor the laws of Virginia, where the defendant is incorporated and where the plaintiffs attempted service.

Section 48.081, Florida Statutes, creates a hierarchy for service of process upon a corporation:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
>
> (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.
>
> (3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091.

As the defendant correctly argues, "the return of service does not indicate that any attempt was made to follow the hierarchy set forth in section 48.081." (Doc. 12 at 4)

Further, the plaintiffs "did not serve (and do not claim to have served) [the defendant's] registered agent in Florida, an agent transacting business in the state of Florida, any person in the hierarchy established by Florida law, or any business agent residing in the state." (Doc. 12 at 4)

Instead, the return (Doc. 10) of service states that the plaintiffs served Kimberly Clem, a "business manager" in the defendant's Virginia office. The defendant's affidavits confirm that Clem "is not an officer, general agent or managing agent" and that Clem "is not authorized to accept service of process on behalf of [the defendant]." (Doc. 12-1 at 1; *see also* Doc. 12-2) The plaintiffs' attempted service failed to comply with Florida law.

Also, the plaintiffs failed to comply with Section 8.01-299, Virginia Code, which states:

> [S]ubject to § 8.01-286.1 [governing waiver of service], process may be served on a corporation created by the laws of the Commonwealth as follows:
>
> 1. By personal service on any officer, director, or registered agent of such corporation; or
>
> 2. By substituted service on stock corporations in accordance with § 13.1-637 and on nonstock corporations in accordance with § 13.1-836.

Both Section 13.1-637 and Section 13.1-836 state:

> Whenever a corporation fails to appoint or maintain a registered agent in the Commonwealth, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the corporation upon whom service may be made in accordance with § 12.1-19.1.

- 3 -

As the defendant argues, "[t]here is no allegation, and nothing to indicate, that . . . Clem is an officer, director or registered agent of [the defendant], or that service was made on an officer, director or registered agent." (Doc. 12 at 5)  Further, the plaintiffs fail to allege any attempt at substituted service.

Lastly, the plaintiffs failed to comply with Rule 4(h)(1)(B), Federal Rules of Civil Procedure.  As explained, the defendant's affidavits confirm that Clem "is not an officer, general agent or managing agent" and that Clem "is not authorized to accept service of process on behalf of [the defendant]." (Doc. 12-1 at 1; *see also* Doc. 12-2)

For all of these reasons, the plaintiffs' attempted service of process is insufficient to establish personal jurisdiction.  *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (Tjoflat, J.) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").  Accordingly, the defendant's motion (Doc. 12) to dismiss for insufficient service of process is **GRANTED**, and this action is **DISMISSED**.  The clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on April 25, 2016.

/s/ Steven D. Merryday

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE